UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA WIEAND,

    Plaintiff,

v.                                                                     Case No. 8:17-cv-2484-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

**<u>ORDER</u>**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1964, has a high school education, and has past relevant work experience as a township administrator, office administrator, and propane salesperson. (R. 32, 205). In March 2015, she applied for DIB, alleging disability as of September 3, 2014, due to depression, multiple sclerosis, carpal tunnel syndrome, generalized osteoarthritis, bladder problems, and degenerative disc disease

of the cervical spine. (R. 205, 230-42, 251-58, 267-70, 273-80, 283-90, 293-96). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 91-100, 103-15).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on January 24, 2017. (R. 40-68). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. *Id*. A vocational expert (VE) also testified. *Id.*

In a decision dated April 5, 2017, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since her alleged onset date of September 3, 2014; (2) had the severe impairments of multiple sclerosis, carpal tunnel syndrome, generalized osteoarthritis, bladder disorder, depression with decreased cognition, and degenerative disc disease of the cervical spine; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work, subject to certain postural and environmental limitations;[1] and (5) based in part on the VE's testimony, could not perform her past relevant work but was capable of performing other jobs that exist in significant numbers in the national

---

[1] Of relevance to this appeal, the ALJ found that the Plaintiff could frequently reach, handle, and finger but should avoid repetitive or constant lifting or handling; could understand, remember, and carry out simple tasks and instructions; and could also occasionally understand, remember, and carry out some detailed tasks and instructions. (R. 26).

economy. (R. 21-34). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 34).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018)[3] (citing 20 C.F.R. § 404.1520(a)(4)). Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets

---

[2] Unless otherwise indicated, all citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) ("We apply the regulations in effect at the time of the ALJ's decision.").

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)); 20 C.F.R. § 404.1520(a)(4)). While the claimant has the burden of proof through step four, the burden shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A Social Security claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (internal citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty,* 245 F.3d at 1278 (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate

to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).

In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). Indeed, it is the province of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Thus, the Court's role is confined to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211. Where this quantum of evidence exists, the Court must affirm the Commissioner "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Philips*, 357 F.3d at 1240 n.8).

III.

The Plaintiff asserts two general arguments on appeal: (1) the ALJ failed to properly assess her RFC; and (2) the ALJ failed to pose a complete hypothetical question to the VE. (Doc. 20). The Commissioner counters that substantial evidence supports the ALJ's findings and that the ALJ applied the correct legal standards. (Doc. 22). After a thorough review of the record and the parties' submissions, the Court concludes that the Plaintiff presents no basis for reversal or remand.

A.

The Plaintiff's first contention with respect to her RFC can be subdivided into three more particularized issues: (1) whether the ALJ adequately considered the Plaintiff's subjective complaints of cognitive limitations, pain, fatigue, numbness, and blurry vision; (ii) whether the ALJ properly evaluated the opinion of one-time examining physician, Dr. Jeffrey Merin; and (iii) whether the ALJ's RFC determination appropriately accounted for the Plaintiff's mental limitations. (Doc. 20 at 5-9). The Court addresses each of these issues in turn.

1.
*Plaintiff's Subjective Complaints*

In this Circuit, an ALJ's consideration of a claimant's subjective complaints are governed by the "pain standard." *Dyer*, 395 F.3d at 1210. Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies this "pain standard," the Regulations dictate that the ALJ then assess the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c). Factors relevant to this evaluation include the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; medications and treatments

available to alleviate the claimant's symptoms; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id.* A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513. 517 (11th Cir. 1984)). If the ALJ elects not to credit the claimant's subjective testimony, however, he must articulate explicit and adequate reasons for his decision. *Dyer*, 395 F.3d at 1210 (citation omitted). A reviewing court will not disturb a clearly articulated credibility finding supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (citation omitted).

In this case, the Plaintiff testified at the hearing that she was disabled due to a combination of several impairments, including multiple sclerosis, carpal tunnel syndrome, cervical impairment, depression, osteoarthritis, right leg and right-hand weakness, and diminished cognitive functioning. (R. 45-46). According to Plaintiff's counsel, it was ultimately a combination of the Plaintiff's inability to maintain concentration, pace, and persistence as well as the pain, numbness, and fatigue she experienced that prevented her from maintaining substantial gainful activity. (R. 45).

In rendering his decision, the ALJ concluded that the Plaintiff's subjective complaints were inconsistent with her activities of daily living, the effects of her

7

medication, the treatment she received for her conditions, and the objective medical evidence.

Beginning with the Plaintiff's claims of mental impairments, the ALJ found that, although the Plaintiff was diagnosed with depression, a decline in cognitive abilities, and low to average intellectual functioning, the evidence in the record undermined her allegations regarding the severity of her symptoms stemming from these conditions. (R. 27-31). The ALJ noted, for example, that the records from the Plaintiff's treating psychiatrist, Satish Mallik, as well as doctors Christopher Yusko, Dina Jacobs, and Merin Campbell indicated that the Plaintiff was doing well with psychiatric treatment, and that it was unclear whether her cognitive decline was related to her mental impairments or work-related stress. (R. 27, 417-18, 465, 470-72, 477). In support of this assessment, the ALJ observed that the treatment notes from the different medical sources revealed that, during the Plaintiff's mental examinations, she showed, among other normal findings, intact comprehension; fluent and coherent speech; appropriate affect to the content of conversation; coherent and logical thought processes; intact immediate, recent, and remote memory; normal concentration; and at most mildly decreased attention span. (R. 463, 466, 468, 470, 474, 477, 520, 526). As further support for his credibility determination, the ALJ pointed to, *inter alia*, the Plaintiff's history of routine and conservative treatment for her depression, her activities of daily living, her good memory, and her ability to recall her medical history at the hearing. (R. 31, 60). Overall, the ALJ properly articulated adequate reasons for discrediting the Plaintiff's allegations regarding her mental impairments. (R. 31); *see*

*Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (stating that an ALJ may consider a claimant's daily activities in discrediting a claimant's subjective complaints of pain); *Faber v. Astrue*, 2009 WL 3158182, at *10 (M.D. Fla. Sept. 25, 2009) (affirming the ALJ's credibility finding because plaintiff's allegations were inconsistent with her self-reported activities of daily living and the objective medical evidence of record).

With respect to the Plaintiff's subjective complaints of pain, numbness, and fatigue, the ALJ determined that these claims were likewise "not entirely consistent with the medical evidence and other evidence of record." (R. 30). To support this conclusion, the ALJ cited the treatment notes from Dr. Katherine Standley, which indicated that the Plaintiff had been riding a mile on her bicycle every day and that she denied symptoms associated with her multiple sclerosis. (R. 691). The ALJ additionally noted that the Plaintiff underwent physical therapy, which helped her perform her activities of daily living. (R. 29).[4] Overall, these reasons reflect inconsistencies between the medical evidence and the Plaintiff's subjective complaints of fatigue and pain. *See* 20 C.F.R. §§ 404.1529(c)(4).

Finally, with respect to the Plaintiff's complaints regarding blurry vision, implicit in the ALJ's credibility analysis is the finding that, while the Plaintiff's optic neuritis (the possible cause of her vision blurriness) might cause certain functional limitations, those limitations were not as severe as the Plaintiff alleged. *See Foote*, 67

---

[4] The physical therapy notes indicate that, although the Plaintiff was initially characterized as having generalized weakness and fatigue during her daily tasks, by the end of her therapy, she reported feeling more energetic and was able to complete her activities of daily living without taking breaks. (R. 783-84).

F.3d at 1562 ("Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court."). Specifically, the ALJ identified different activities of daily living that the Plaintiff could perform, including reading, watching television, and driving, all of which undermined her allegations of visual impairments. (R. 30-31).

In sum, nothing in the Plaintiff's brief, nor in the Court's independent review of the record, leads to the conclusion that the ALJ's credibility findings regarding the Plaintiff's subjective complaints are unsupported by substantial evidence or are otherwise in error. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."); *Davis v. Astrue*, 346 F. App'x 439, 441 (11th Cir. 2009). To the contrary, the Court is satisfied that the ALJ made a sufficiently clear credibility determination that is amply supported by the record evidence. Thus, the Court finds no cause for remand on this claim.

## 2.
### *Dr. Merin's Opinion*

The Court is similarly unpersuaded by the Plaintiff's challenge to the ALJ's RFC determination on the grounds that the ALJ failed to fully and fairly consider the opinion of the one-time examining physician, Dr. Merin. (Doc. 20 at 8).

In evaluating medical opinions, an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). In doing so, the ALJ must consider several factors,

including the examining and treatment relationship between the claimant and the doctor, the length of the treatment, and the supportability and the internal consistency of the evidence. 20 C.F.R. § 404.1527(c). Greater weight is generally given to opinions that are more consistent with the record as a whole. *Id.* at § 404.1527(c)(4).

Unlike the opinion of a treating physician, which is ordinarily afforded substantial or considerable weight, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted), the opinion of a one-time examiner is generally not entitled to great weight, *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (citation omitted).

In the end, the Court will not second guess an ALJ's decision to reject a medical opinion for "good cause" so long as the ALJ articulates a specific justification for his decision. *Hunter v. Comm'r of Soc. Sec. Admin.*, 808 F.3d 818, 823 (11th Cir. 2015).

In this case, Dr. Merin performed a learning disability and neuropsychological evaluation of the Plaintiff based solely on her subjective complaints. (R. 550). As a result of that evaluation, Dr. Merin assessed the Plaintiff with a full-scale IQ of 87 and found significant neurocognitive impairments and acute manifestations of long-term depression. (R. 552, 558). He determined that the Plaintiff had problems with new learning, attention/concentration, and executive reasoning, and also experienced marked difficulties with basic academics. (R. 552, 553-55, 558). Dr. Merin concluded that the Plaintiff's neuropsychology appeared adequate for part-time employment with extensive supervision but added that she would be unable to work if her emotional distress did not resolve. *Id*.

11

In assessing the Plaintiff's mental RFC, the ALJ considered Dr. Merin's opinion but afforded it limited weight. In support of this assessment, the ALJ noted that Dr. Merin was a one-time examiner, his opinion related to an area reserved to the Commissioner, and his opinion was not consistent with the evidence on the record. (R. 31).

After a careful review of the matter, the Court finds that the ALJ properly weighed Dr. Merin's opinion. As the ALJ correctly observed, Dr. Merin examined the Plaintiff only once and did not treat her, and therefore his opinion was not entitled to any deference. *McSwain*, 814 F.2d at 619. As the ALJ also correctly noted, Dr. Merin's assessment that the Plaintiff's cognitive and emotional limitations could prevent her from returning to work addressed an ultimate issue reserved to the Commissioner—namely, whether the Plaintiff was disabled. 20 C.F.R. § 404.1527(d). The Court likewise finds no fault with the ALJ's determination that Dr. Merin's findings regarding the Plaintiff's neurocognitive impairments are inconsistent with other evidence of record.

With respect to the last determination, the Court notes that, at steps two, three, and four of the sequential evaluation process, the ALJ evaluated the medical opinions and other objective evidence and concluded that Plaintiff mental limitations were only moderate. (R. 25-31). In doing so, as detailed above, the ALJ considered multiple mental examinations in the record, which demonstrated that the Plaintiff displayed on various occasions a normal attention span; normal concentration, persistence, and pace; and other normal mental findings. (R. 25, 417-18, 465, 470-72, 477, 463, 466,

468, 470, 474, 477, 520, 526). In addition, the ALJ considered the Plaintiff's activities of daily living, her history of routine and conservative treatment for her depression, her good memory, and her ability to recall her medical history at the hearing. (R. 31).

In sum, the ALJ provided sufficient reasons for discounting Dr. Merin's opinion and was not required to afford great weight to those portions of the doctor's assessment that were not supported by the record as a whole. *See* Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *3 (S.S.A. July 2, 1996).

### 3.
*Plaintiff's Mental Limitations*

The Court likewise rejects the Plaintiff's contention the ALJ erred in finding she had the ability to occasionally carry out some detailed tasks and instructions given that the record was unclear about whether she could perform those tasks when required to do so by her employer. (Doc. 20 at 8). The Plaintiff has provided no specific case law supporting this argument, and the issue is therefore waived.[5] *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived.").

---

[5] As support for her argument, the Plaintiff requests that the Court take judicial notice of the intermittent nature of the daily duties of a receptionist at a law firm. (Doc. 20 at 8). The Plaintiff, however, fails to explain why taking judicial notice of such duties would change the outcome here.

B.

By way of her second argument, the Plaintiff claims that the VE's testimony cannot constitute substantial evidence to support the ALJ's determination because the hypothetical question the ALJ posed to the VE did not accurately reflect all of her limitations. In support of this claim, the Plaintiff argues that the ALJ's hypothetical failed to account for the Plaintiff's cognitive limitations, her limitations in handling with her right hand, her fatigue and pain symptoms, and her inability to interact with the public. (Doc. 20 at 9-10). This argument fails.

At step five of the sequential evaluation process, the ALJ must consider the claimant's RFC in combination with her age, education, and work experience to determine whether she can make an adjustment to other work. *Phillips*, 357 F.3d at 1239; 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can make such an adjustment, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239.

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy—the Medical Vocational Guidelines and a VE. *Id.* at 1239-40. If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that accounts for all of the claimant's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). When the ALJ properly rejects purported impairments or limitations, however, the ALJ need not include those impairments or limitations in the hypothetical presented to the VE. *Crawford*, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

In this case, the ALJ's hypothetical properly incorporated all of the Plaintiff's limitations found to be supported by the evidence of record. To account for the Plaintiff's moderate mental impairments, for example, the hypothetical assumed an individual capable of understanding, remembering, and carrying out simple tasks and instructions, and occasionally detailed but not complex tasks and instructions.[6] (R. 63). The hypothetical also assumed an individual who was restricted to frequent handling and fingering but whose handling was limited to non-repetitive tasks. *Id*.

The restrictions included in the ALJ's hypothetical are consistent with the ALJ's decision, in which he acknowledged the Plaintiff's limitations stemming from her carpal tunnel syndrome, but also noted multiple medical examinations showing 5/5 or 4/5 muscle strength in her extremities and intact sensation in her bilateral upper and lower extremities. (R. 28, 30, 664, 611, 526).

While the ALJ did not specifically address Plaintiff's alleged inability to interact with the public or her allegations of fatigue, the ALJ was not required to do so. *Crawford*, 363 F.3d at 1161. As discussed above, the ALJ properly discredited the

---

[6] The Eleventh Circuit has repeatedly concluded that these and similar limitations sufficiently account for moderate difficulties in maintaining social functioning and in sustaining concentration, persistence, and pace in both the RFC and the hypothetical posed to a VE. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 542-43 (11th Cir. 2016); *Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 490 (11th Cir. 2015); *Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 767 (11th Cir. 2014); *Szilvasi v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 898, 902 (11th Cir. 2014); *Kunz v. Comm'r of Soc. Sec.*, 539 F. App'x 996 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 690 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013).

Plaintiff's claim of fatigue because it was inconsistent with her activities of daily living and the medical notes in the record. Additionally, outside of the Plaintiff's subjective statements, nothing in the record supports a finding that her mental limitations affected her ability to interact with the public. Therefore, the ALJ was not required to include those limitations in the hypothetical he posed to the VE.

In sum, the Plaintiff has failed to meet her burden of proving that her condition caused more disabling restrictions than those found by the ALJ. The ALJ appropriately considered all of the relevant evidence, including the VE's testimony, and properly analyzed all that evidence in accordance with the sequential evaluation process. Accordingly, substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is AFFIRMED.

2) The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 27th day of March 2019.

*HONORABLE CHRISTOPHER P. TUITE*
United States Magistrate Judge

Copies to:
Counsel of record